USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 13 SEP 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNNIE COOKS,

                Petitioner

   -v-

H. GRAHAM,

                Respondent.

ORDER
08 cv 3830 (GBD)(RLE)

GEORGE B. DANIELS, District Judge:

*Pro se* petitioner, Johnnie Cooks, brings this writ of habeas corpus pursuant to 28 U.S.C. § 2254, for an Order vacating his sentence and judgment of conviction imposed on November 19, 2003, after a jury trial, in the Supreme Court of the State of New York, Bronx County (Bamberger, J.), for one count of burglary in the first degree (N.Y. Penal Law § 140.30[3]), robbery in the first degree (N.Y. Penal Law § 160.15[3]), robbery in the second degree (N.Y. Penal Law § 160.10[2][b]), and two counts of endangering the welfare of a child (N.Y. Penal Law § 260.10[1]).[1]

The petitioner claims his constitutional rights were violated because, inter alia, (1) he was denied the right to represent himself; (2) he was not present during voir dire; (3) he received an excessive sentence; (4) he received ineffective assistance of counsel; (5) there was a *Wade* hearing violation; (6) he was not given a proper mental fitness examination in violation of N.Y. Crim. Proc. L. § 730; and (7) a witness was improperly sworn in violation of N.Y. Crim. Proc. L. § 670.10.

This Court referred the matter to Magistrate Judge Ronald L. Ellis for a Report and Recommendation. Magistrate Judge Ellis issued a Report and Recommendation ("Report")

---

[1] As a result of the convictions, petitioner is currently serving consecutive determinate terms of 20 years for burglary and 20 years for robbery, to run concurrently with a definite term of incarceration of one year for child endangerment.

recommending that the petition be denied in its entirety.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Ellis advised petitioner that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Petitioner submitted two letters to the Court (dated June 26, 2010, and August 10, 2010) indicating his objection to the Report issued by Magistrate Judge Ellis.[2] This Court has examined the Magistrate Judge's report in light of petitioner's objections. Because petitioner has not articulated any meritorious objection, this Court adopts the Report's recommendation in its entirety.

Magistrate Judge Ellis properly found that Claims Three through Seven are procedurally

---

[2] This Court also received a letter from petitioner dated June 22, 2010; however, this letter detailed petitioner's concerns with the D.O.C.'s handling of his legal mail.

2

defective. Claim Three fails to "fairly present" a federal constitutional claim because petitioner cited only state law and because precedent forecloses the argument that imprisonment of an adult offender for a term of years is excessive. See Edwards v. Marshall, 589 F. Supp. 2d 276, 290 (S.D.N.Y. 2008); see also Hutto v. Davis, 454 U.S. 370 (1982); Lockyer v. Andrade, 538 U.S. 63 (2003). Claims Four through Seven are procedurally unexhausted (28 USC § 2254(b)) and procedurally defaulted (N.Y. C.P.L.R. § 5513(b)) because, though raised in state court, petitioner failed to timely appeal any of the these claims. Furthermore, Claim Four, as it relates to ineffective trial counsel, and Claims Five through Seven are procedurally barred, having been denied by the state court as such on an independent and adequate state procedural ground. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Magistrate Judge Ellis also properly concluded that Claims One and Two should be denied on the merits. For this Court to grant a writ of habeas corpus, the state court adjudication of the merits must have "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 USC § 2254(d)(1). Where factual determinations are involved, in order to obtain habeas corpus relief, the state court's decision must be "based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 USC § 2254(d)(2).

With regards to Claim One, Cooks was not denied his right to represent himself. Magistrate Judge Ellis properly found that the state court's decision was consistent with clearly established Federal Law. The Sixth Amendment right to represent oneself, contrary to petitioner's assertion, is not absolute. One recognized constraint is that a trial judge has the discretion to "terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." Faretta v. California, 422 U.S. 806, 834 n. 46 (1975); see also

Martinez v. Ct. of Appeal of Calif., Fourth Appellate Dist., 528 U.S. 152, 154 (2000). Magistrate Judge Ellis properly concluded that the state court's factual determination that petitioner intentionally disrupted proceedings was not unreasonable. Judge Bamberger appropriately based her determination upon the reports and testimony of two psychiatrists and a psychologist, a court officer's report of a faked seizure, and her own observations of petitioner's numerous outbursts and instances of inappropriate behavior.

With regards to Claim Two, Cooks was not denied his right to be present when the trial court proceeded with voir dire in his absence. Magistrate Judge Ellis properly found that the state court's decision was consistent with clearly established Federal Law. The Confrontation Clause does afford the accused a right to be present during voir dire. See Gomez v. United States, 490 U.S. 858, 873-74 (1989). However, that right is also not absolute. Disorderly, disruptive, and disrespectful behavior that persists after warnings from the judge is sufficient grounds to deprive a defendant of his right to be present. See Illinois v. Allen, 397 U.S. 337, 342-43 (1970). Additionally, for the same reasons offered for Claim One, Magistrate Judge Ellis properly concluded that the state court's factual determination that petitioner acted inappropriately was not unreasonable.

Accordingly, the Court adopts the Report and for the reasons stated therein, the writ is hereby denied and the petition dismissed.

As petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. s 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d. Cir.1998); United States v. Perez, 129 F.3d 255, 259-060 (2d Cir.1997); Lozada v. United States, 107 F.3d 1011 (2d Cir.1997). Moreover, the Court certifies pursuant to 28 U.S.C. s 1915(a)(3) that any appeal from this order would not be taken in good faith. See Malley v. Corporation

<u>Counsel of the City of New York</u>, 9 Fed. Appx. 58, 60 (2d Cir.2001).

Dated:  New York, New York
        September 10, 2010

                                        SO ORDERED:

                                  */s/ George B. Daniels*
                                GEORGE B. DANIELS
                                United States District Judge

5